UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN PUCKETT

       Plaintiff,

                                                                            Case No. 3:18-cv-00323
                                                                             Judge Thomas M. Rose

v.

PREMIER ENERGY SERVICES, LLC

## STIPULATED PROTECTIVE ORDER

HAVING BEEN DULY ADVISED that Defendant Premier Energy Services, LLC ("Defendant") and Plaintiff John Puckett ("Plaintiff") have agreed and consented to the production of certain information and to prohibit the disclosure of non-public, confidential, personnel, proprietary and/or sensitive information, documents and testimony that may be produced in discovery or otherwise provided or made available to the parties in this matter, and with the parties' concurrence and the Court being otherwise advised in the premises:

      1.      All medical, employment and financial records produced or obtained may be deemed "CONFIDENTIAL."

      2.      Defendant may designate business records containing trade secrets, proprietary business information, budgetary information, internal policies, strategic planning information, pricing information or financial information as "Confidential" by placing a "CONFIDENTIAL" stamp on the document(s). Defendant may also designate personnel-related documents and information, including but not limited to disciplinary memoranda, compensation and Social Security Numbers, as "Confidential" by placing a "CONFIDENTIAL" stamp on the document(s).

4844-6181-8012.1

All parties may designate documents as "CONFIDENTIAL" in a separate document, or on the record.

3. Confidential information shall not be shown, disseminated, or in any way communicated to non-parties other than as required for witness preparation (including expert witness reports), depositions, discovery, mediation, and the trial of this case. Non-parties who receive confidential information pursuant to this paragraph shall first be made aware of this Protective Order and the restrictions contained in this Order.

4. In the event the parties dispute whether a given document or other information is Confidential, the party seeking the "Confidential" designation may move for a determination by this Court and bears the burden of establishing good cause for the designation.

5. To the extent that any confidential documents or information are used in the taking of depositions, all such documents and information shall be subject to the provisions of this Order.

6. The parties retain the right to object to the admissibility or use of confidential information or documents, or privileged documents inadvertently disclosed.

7. The inadvertent or unintentional disclosure of any Confidential Information by the designating party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality either as to the specific Confidential Information disclosed or as to any other related information. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation. Similarly, the inadvertent or unintentional disclosure of any documents, information or testimony protected by the attorney-client privilege and/or work product doctrine shall not be construed to be a waiver, in whole or in part, of that party's claim to privilege; nor shall any discreet waiver of privilege constitute a general waiver of privilege or

4844-6181-8012.1

protection. Any documents or information inadvertently produced and all copies and records thereof shall be immediately returned to the producing or providing party.

8. Upon request of counsel, within twenty (20) business days after the conclusion of this action, by settlement or adjudication, including any appellate proceedings, the Confidential Information (and all copies, transcriptions, or reproductions in any form whatsoever) produced or provided by the parties shall be returned to their respective counsel. Nothing in this paragraph shall preclude counsel for either party from maintaining copies of work product materials which in the good faith judgment of counsel must be maintained for purposes of defending against potential malpractice claims. If counsel for either party has a good faith belief that work product abstracts or summaries of Confidential Information must be maintained for the defense of potential malpractice claims, counsel shall serve opposing counsel with a written request to maintain copies of such information until the end of the applicable statutes of limitations periods for professional malpractice claims.

9. This Order shall survive the final termination of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

IT IS SO ORDERED.

                                            *s/Sharon L. Ovington*
                                            Sharon L. Ovington
                                            United States Magistrate Judge

4844-6181-8012.1

APPROVED AS TO SUBSTANCE AND FORM:

MEZIBOV BUTLER

/s/ Brian J. Butler (with permission)
Brian J. Butler (OH No. 0082675)
Marc D. Mezibov (OH No. 0019316)
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
mmezibov@mezibov.com
Attorneys for Plaintiff John Puckett


FOLEY & LARDNER LLP

/s/ Felicia O'Connor
Daniel A. Kaplan  (PHV)
Felicia S. O'Connor (PHV)
Katelynn M. Williams (PHV)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
(313) 234-7100

WHITE GETGEY & MEYER
Brian Goldwasser, Ohio Bar #
One West Fourth Street
Suite 1700
Cincinnati Ohio 45202
Telephone: 513.241.3685
Email: bgoldwasser@wgmlpa.com
Facsimile: 513.241.2399

Attorneys for Defendant



July 12, 2019

4